UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Melissa Martin,

              Plaintiff,       Case No. 26-cv-10273

v.                           Judith E. Levy
                                United States District Judge
Venture Property of Michigan,
LLC, *et al.*,                Mag. Judge Curtis Ivy, Jr.

              Defendants.

_____/

ORDER DENYING WITHOUT PREJUDICE
PLAINTIFF'S MOTION FOR ALTERNATE SERVICE [27]

Before the Court is Plaintiff Melissa Martin's motion for alternate service. (ECF No. 27.) Plaintiff requests permission to serve Defendants Venture Property of Michigan, LLC and Crystal Ireland by email to ventureproperty313@gmail.com. For the reasons set forth below, Plaintiff's motion is denied without prejudice.

As noted, Plaintiff seeks permission to serve two Defendants through alternate means. Those Defendants are (1) Venture Property of Michigan, LLC, which is a limited liability company; and (2) Crystal Ireland, an individual who in the amended complaint is alleged to reside

in Michigan. (ECF No. 18, PageID.146.) Under Federal Rule of Civil Procedure 4, a limited liability company and an individual "may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1) (addressing service on an individual within a judicial district of the United States); *see* Fed. R. Civ. P. 4(h)(1)(A) (providing that one way an unincorporated association may be served "in a judicial district of the United States" is "in the manner prescribed by Rule 4(e)(1) for serving an individual").

In Michigan, service of process is governed by Michigan Court Rule 2.105. That rule specifies how service of process may be made on an individual and on a limited liability company. *See* Mich. Ct. R. 2.105(A), (H). Michigan Court Rule 2.105(J)(1) states: "On a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(J)(1). The motion for alternate means of service

2

must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it. . . .

Mich. Ct. R. 2.105(J)(2).

Here, Plaintiff filed a three-sentence motion that is accompanied by a brief that is slightly over one page. (ECF No. 27.) In her brief, Plaintiff quotes Michigan Court Rule 2.105(J)(1) and then states:

3. In the instant case, Plaintiff attempted to serve Defendants Venture and Ireland via certified mail (which was never returned) and the Oakland County Sheriff's Department. These attempts were unsuccessful, and the Oakland County Sheriff advised that Defendants had vacated the premises.

4. Plaintiff has made additional attempts to locate Defendants Venture and Ireland, but the only address available is the address in Southfield, Michigan, which apparently is no longer good. On LinkedIn and other social media sites, the email address listed is ventureproperty313@gmail.com.

(*Id.* at PageID.194–195.) Plaintiff attached no documents to her motion. As a result, she provides no evidence of her service attempts and her efforts to obtain Defendants' current address.

Plaintiff's motion does not make a sufficient showing (1) that service of process cannot reasonably be made under the portions of

3

Michigan Court Rule 2.105 that apply to serving a limited liability company and an individual and (2) that the proposed method of service is "reasonably calculated to give the [D]efendant[s] actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(J)(1)–(2). In addition, the motion does not provide Defendants' last known address. *See* Mich. Ct. R. 2.105(J)(2). To the extent the motion appears to indicate that "no address of the [D]efendant[s] is known," Plaintiff does not "set forth facts showing diligent inquiry to ascertain it." *Id.* Plaintiff's motion is therefore denied without prejudice.

If Plaintiff elects to file a renewed motion for alternate service, the motion must make the factual showings identified above that are required by Michigan Court Rule 2.105(J)(1)–(2). In demonstrating why service by email alone is appropriate, the motion must address the propriety of allowing service on more than one defendant solely by emailing a single email address. Moreover, the motion must be accompanied by documentation—such as a declaration from Plaintiff's counsel—that provides details regarding (1) Plaintiff's service attempts under the relevant portions of Michigan Court Rule 2.105 with respect to each Defendant (a limited liability company and an individual);

(2) Plaintiff's "diligent inquiry to ascertain" the "present address of [each] [D]efendant," Mich. Ct. R. 2.105(J)(2); (3) how Plaintiff obtained the email address she wants to use to serve the two Defendants (ventureproperty313@gmail.com); and (4) the steps Plaintiff has taken to verify the validity of the email address.

Accordingly, Plaintiff's motion for alternate service (ECF No. 27) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: July 14, 2026                        s/Judith E. Levy
    Ann Arbor, Michigan                JUDITH E. LEVY
                                         United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 14, 2026.

                                       s/William Barkholz
                                       WILLIAM BARKHOLZ
                                       Case Manager