**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Melissa Martin,

Plaintiff,

v.

Venture Property of Michigan, LLC, *et al.*,

Defendants.

________________________________/

Case No. 26-cv-10273

Judith E. Levy
United States District Judge

Mag. Judge Curtis Ivy, Jr.

**ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATE SERVICE ON DEFENDANTS VENTURE PROPERTY OF MICHIGAN, LLC AND CRYSTAL IRELAND [31]**

Before the Court is Plaintiff Melissa Martin's motion for alternate service on Defendants Venture Property of Michigan, LLC and Crystal Ireland.[1] (ECF No. 31.) For the reasons set forth below, the motion is granted.

Plaintiff seeks permission to serve Venture Property of Michigan, LLC and Ireland by email to ventureproperty313@gmail.com. (*Id.* at

[1] A stipulation and order entered on July 9, 2026 dismissed the complaint with prejudice as to Defendants Novelty Brands, LLC and Carlos Parraga Acosta. (ECF No. 28.) As a result, Venture Property of Michigan, LLC and Crystal Ireland are now the only remaining Defendants in the case.

PageID.207–208.) Plaintiff states that Venture Property of Michigan, LLC's Articles of Incorporation and its 2025 Annual Statement identify Ireland as its resident agent. (*Id.* at PageID.210–211; *see* ECF No. 31-1, PageID.217, 220.) Plaintiff asserts that "[d]espite [her] diligent efforts, traditional methods of service have proven impossible." (ECF No. 31, PageID.208.) She asserts that "[s]ervice by email is reasonably calculated to apprise Defendants of this action." (*Id.*)

Plaintiff indicates that she has been unsuccessful in serving Defendants by certified mail and with the assistance of the Oakland County Sheriff's Department, which attempted personal service on Venture Property of Michigan, LLC at 28330 Franklin Road, Southfield, MI 48034. (*Id.* at PageID.210; ECF No. 31-1, PageID.215.) "[T]he Oakland County Sheriff advised [Plaintiff] that Defendants had vacated the premises." (ECF No. 31, PageID.210.) Plaintiff discusses her efforts to obtain a different address for Defendants. (*Id.* at PageID.210–212.) During an online search, she found a telephone number and two email addresses that appear to be linked to Defendants: ventureproperty313@gmail.com and crystalireland@live.com. (*Id.* at PageID.211–212.) Plaintiff's counsel called the telephone number and

left voicemail messages that have not been returned, and she sent emails to the email addresses. (*Id.*) Emails sent by Plaintiff's counsel to ventureproperty313@gmail.com did not bounce back; however, an email Plaintiff's counsel sent to crystalireland@live.com "bounced back as undeliverable." (*Id.*) Attached to Plaintiff's motion is a proof of service form from the Oakland County Sheriff's Department's service attempt (ECF No. 31-1, PageID.215), Venture Property of Michigan, LLC's Articles of Incorporation (*id.* at PageID.217–218) and 2025 Annual Statement (*id.* at PageID.220–221), printouts of websites Plaintiff consulted during her online search for Defendants' current address (*id.* at PageID.223–227; ECF No. 31-3, PageID.240–243, 245–248, 250–251), photographs of the emails from Plaintiff's counsel to ventureproperty313@gmail.com and crystalireland@live.com (ECF No. 31-2, PageID.235–236; ECF No. 31-3, PageID.253), and an affidavit signed by Plaintiff's counsel regarding the service attempts. (ECF No. 31-2, PageID.232–233.)

Defendants are an individual and a limited liability company. Federal Rule of Civil Procedure 4(e) states that an individual

> may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). In Michigan, service of process is governed by Michigan Court Rule 2.105.[2] That rule provides that

> [p]rocess may be served on a resident or nonresident individual by
>
> (1) delivering a summons and a copy of the complaint to the defendant personally; or
>
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of

[2] The Court considers Michigan law in deciding Plaintiff's motion because this Court is located in Michigan and because Plaintiff's service attempts were made in Michigan. *See* Fed. R. Civ. P. 4(e)(1). Moreover, Plaintiff references Michigan law in her motion. (ECF No. 31, PageID.210.)

> the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. R. 2.105(A).

Regarding service on a limited liability company, Federal Rule of Civil Procedure 4(h) states that an

> unincorporated association that is subject to suit under a common name[ ] must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h). Under Michigan Court Rule 2.105(H),

> [s]ervice of process on a limited liability company may be made by:
>
> (1) serving a summons and a copy of the complaint on the managing member, the non-member manager, or the resident agent;
>
> (2) serving a summons and a copy of the complaint on a member or other person in charge of an office or business

> establishment of the limited liability company and sending a summons and a copy of the complaint by registered mail, addressed to the registered office of the limited liability company.
>
> (3) If a limited liability company fails to appoint or maintain an agent for service of process, or service under subsections (1) and (2) cannot be accomplished through the exercise of reasonable diligence, service of process may be made by delivering or mailing by registered mail to the administrator (pursuant to MCL 450.4102[2][a][3]) a summons and copy of the complaint.

Mich. Ct. R. 2.105(H).

If a party "show[s] that service of process cannot reasonably be made as provided by [Michigan Court Rule 2.105], the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(J)(1). The party moving for an alternate means of service

> must set forth sufficient facts to show that process cannot be served under [Michigan Court Rule 2.105] and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it.

[3] Mich. Comp. Laws § 450.4102(2)(a) states: "'Administrator' means the director of the department or his or her designated representative."

Mich. Ct. R. 2.105(J)(2).

Here, Plaintiff demonstrates that service of process cannot reasonably be made as provided in Michigan Court Rule 2.105. Plaintiff attempted to serve Defendants by certified mail and by personal service with the assistance of the Oakland County Sheriff's Department. (ECF No. 31, PageID.210; ECF No. 31-1, PageID.215.) These service attempts were unsuccessful. According to Plaintiff, "receipt" of the documents sent by certified mail "was never acknowledged" (ECF No. 31-2, PageID.232; *see* ECF No. 31, PageID.210), and "the Oakland County Sheriff advised [Plaintiff] that Defendants had vacated the premises" at 28330 Franklin Road. (ECF No. 31, PageID.210; *see* ECF No. 31-1, PageID.215; ECF No. 31-2, PageID.232.) Plaintiff thus shows that service on Defendants cannot reasonably be made by the prescribed means under Michigan Court Rule 2.105 and that "no address of the [D]efendant[s] is known." Mich. Ct. R. 2.105(J)(1)–(2).

Plaintiff also shows that she made a "diligent inquiry to ascertain" Defendants' current address. Mich. Ct. R. 2.105(J)(2). Plaintiff consulted Venture Property of Michigan, LLC's Articles of Organization and its 2025 Annual Statement, which both reflect that Venture

Property of Michigan, LLC's address is 28330 Franklin Road, Southfield, MI 48034 (ECF No. 31, PageID.210–211; ECF No. 31-1, PageID.217, 220)—the address of the building that Venture Property of Michigan, LLC apparently no longer occupies. (ECF No. 31, PageID.210; ECF No. 31-1, PageID.215; ECF No. 31-2, PageID.232.) Plaintiff came across a Facebook page for Master Mind Realty LLC that identifies Ireland as a real estate broker and that contains Venture Property of Michigan, LLC's logo. (ECF No. 31, PageID.211; ECF No. 31-1, PageID.223–227; ECF No. 31-2, PageID.232–233.) Plaintiff's counsel called the telephone number listed on that Facebook page and "left at least three voicemail messages asking Ms. Ireland to call her, but her calls have not been returned." (ECF No. 31, PageID.211; ECF No. 31-1, PageID.223–227; ECF No. 31-2, PageID.232.) In addition, Plaintiff's counsel "sent at least 2 emails" to the email address that appears on the Facebook page: ventureproperty313@gmail.com. (*Id.*; ECF No. 31-2, PageID.235–236.) "The emails do not bounce back," but no response has been received. (ECF No. 31, PageID.211; ECF No. 31-2, PageID.232.) Plaintiff found a different email address for Ireland—crystalireland@live.com—but an email Plaintiff's counsel sent to that

email address "bounced back as undeliverable." (ECF No. 31, PageID.212; ECF No. 31-2, PageID.232; ECF No. 31-3, PageID.253.) Plaintiff searched for Defendants on Google and on LinkedIn as well. (ECF No. 31, PageID.211–212; ECF No. 31-2, PageID.232; ECF No. 31-3, PageID.240–243, 245–248, 250–251.) Those searches did not result in Plaintiff finding an address for Defendants. (ECF No. 31, PageID.211–212; ECF No. 31-2, PageID.232.)

Plaintiffs' proposed method of alternate service is likely to provide actual notice to Defendants in light of the circumstances presented above. Defendants' current address is unknown, and Plaintiff has been unable to ascertain it. Plaintiff's counsel "sent at least 2 emails" to ventureproperty313@gmail.com, and those emails "d[id] not bounce back." (ECF No. 31, PageID.211; ECF No. 31-2, PageID.232, 235–236.) Accordingly, the Court will permit Plaintiff to serve Defendants by email to ventureproperty313@gmail.com.

If Plaintiff elects to serve Defendants by email to ventureproperty313@gmail.com, she must also serve Defendants by email at a second email address: crystal.ireland1@icloud.com. That email address appears on the copy of Master Mind Realty LLC's

Facebook page that Plaintiff submitted to the Court. (ECF No. 31-1, PageID.227.)

For the reasons set forth above, Plaintiff's motion for alternate service on Venture Property of Michigan, LLC and Ireland (ECF No. 31) is GRANTED. Plaintiff may serve Defendants with the summons and complaint by email at the following two email addresses: (1) ventureproperty313@gmail.com and (2) crystal.ireland1@icloud.com.

IT IS SO ORDERED.

Dated: August 7, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 7, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager