**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Melissa Martin,

Plaintiff,

v.

Venture Property of Michigan, LLC, *et al.*,

Defendants.

_________________________________/

Case No. 26-cv-10273

Judith E. Levy
United States District Judge

Mag. Judge Curtis Ivy, Jr.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT [34, 35]**

Before the Court are Plaintiff Melissa Martin's motions for default judgment. (ECF Nos. 34, 35.) The relevant docket entries reflect that one motion relates to Defendant Venture Property of Michigan, LLC (ECF No. 34) and that a second motion relates to Defendant Crystal Ireland. (ECF No. 35.) But the motions themselves appear to be identical. The first page of each motion indicates that Plaintiff seeks "entry of a default judgment against Defendants Venture Property of Michigan, LLC and Crystal Ireland." (ECF No. 34, PageID.265; ECF No. 35, PageID.335.)

Plaintiff requests a default judgment against Defendants under "Fed. R. Civ. P. 559(a) and (b)(2)." (ECF No. 34, PageID.265; ECF No. 35, PageID.335.) She also references "Fed. R. Civ. P. 5 (a)" and "Fed. R. Civ. P. 55(b)(2)." (ECF No. 34, PageID.268–269; ECF No. 35, PageID.338–339.) The Court believes that Plaintiff seeks a default judgment under Federal Rule of Civil Procedure 55(b)(2), given that she states that she "did not request the Clerk to enter a default judgment as the damages are not for a sum certain." (ECF No. 34, PageID.266–267; ECF No. 35, PageID.336–337.) *See* Fed. R. Civ. P. 55(b)(1)–(2).

Before filing these motions, Plaintiff did not request—and receive—a clerk's entry of default. "Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." 10A Charles Alan Wright et al., *Fed. Prac. & Proc. Civ.* § 2682 (4th ed. 2026). Rule 55(a) states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "An entry of default is a prerequisite to a default judgment." *Whipple v. Brantley*, No. 24-12088, 2026 WL 325623, at *2

(E.D. Mich. Feb. 6, 2026). "To obtain a default judgment under Rule 55(b)(2), a litigant must first obtain an entry of default pursuant to Rule 55(a)." *Gold Pearl Recs., LLC v. City Sketches, Inc.*, 835 F. Supp. 3d 830, 836 (E.D. Mich. 2026). "A district court may deny a motion for default judgment if the moving party 'failed first to obtain an *entry* of default' pursuant to Rule 55(a) of the Federal Rules of Civil Procedure." *Bey v. Elmwood Place Police Dep't*, No. 17-3945, 2018 WL 4354541, at *1 (6th Cir. May 18, 2018) (emphasis in original) (quoting *Reed-Bey v. Pramstaller*, 607 F. App'x 445, 449 (6th Cir. 2015)); *see Heard v. Caruso*, 351 F. App'x 1, 15–16 (6th Cir. 2009) ("Because [the plaintiff] did not first seek entry of a default from the clerk of the court, it was procedurally improper for [the plaintiff] to move for entry of a default judgment," and "the district court did not abuse its discretion in denying [the plaintiff's] motion for a default judgment" under Rule 55.).

Here, Plaintiff did not obtain a clerk's entry of default under Rule 55(a). Accordingly, Plaintiff's motions for default judgment (ECF Nos. 34, 35) are DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: October 8, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY

United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 8, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager